## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 12 2019, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner & Pattison
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William M. Hardin,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | November 12, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1203<br><br>Appeal from the Jefferson Circuit Court<br><br>The Honorable Steven M. Fleece, Senior Judge<br><br>Trial Court Cause No.<br>39C01-1804-F4-370 |

**Brown, Judge.**

[1] William M. Hardin appeals his sentence for sexual misconduct with a minor as a level 5 felony. He raises one issue which is whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On April 9, 2018, the State filed a probable cause affidavit in which Indiana State Police Officer Christopher Howell asserted that on December 9, 2017 he was advised of possible sexual misconduct with a minor; that A.D. was a fifteen-year-old girl who lived with her mother and stepfather, Hardin, who was born in 1974; and that he interviewed A.D. who told him that Hardin had been molesting her since August 2017. The affidavit alleged various sexual encounters almost daily from August through December 8, 2017, and included intercourse.

[3] On April 9, 2018, the State charged Hardin with Count I, sexual misconduct with a minor as a level 4 felony, and Count II, sexual misconduct with a minor as a level 5 felony. Count II alleged that on or about or between August 1, 2017, and December 8, 2017, Hardin performed or submitted to sexual intercourse or other sexual conduct with A.D., who was at least fourteen years old but less than sixteen years old. On April 10, 2019, Hardin and the State filed a plea agreement in which he agreed to plead guilty to Count II and the State agreed to dismiss Count I and cause number 39C01-1902-F6-235 ("Cause No. 235"). That same day, the court held a hearing.

[4]     On April 16, 2018, the court entered an order releasing Hardin on his own recognizance due to serious health problems. In March 2019, the State filed a motion to revoke pretrial release, and the court granted the motion.[1]

[5]     On April 30, 2019, the court held a sentencing hearing. Hardin gave the following statement:

> Uh – I know I've been a bad person who has went down the wrong road in life, and I've turned my life over to Jesus, and I plan to follow his – his roadway, God's law – because I don't see how you can go wrong with God's law because my parents disgust me. I don't want to go back down that route again, and if you could see fit to turn me loose I can almost guarantee you I wouldn't – you'd never see me in here again. I just want to be out here following Jesus, be with my wife, take care of my kids and work, and I – I'm hoping everybody can forgive me for everything I've done. It caused pain and anguish and – and I'm sorry. I'm sorry for everything, but God's with me now so I know I'm going down the right path, and I plan on staying there, and thank you.

Transcript Volume II at 5. Upon questioning by the court, he indicated that his wife is A.D.'s mother and A.D. lived with her. The court stated that the presentence investigation report ("PSI") indicated that it would be undesirable for him to reside in the same place with A.D. He replied:

---

[1] The record does not contain a copy of the motion to revoke pretrial release. At the sentencing hearing, the prosecutor stated: "[I]n regard to the violation of pretrial release, that was a continuing offense unless Mr. Hardin has received a divorce from one of his two wives. At this point it's still a continuing offense. He was out for an extended period of time, could have taken care of that in one way or another, did not. That's why the motion to revoke his pretrial release was filed." Transcript Volume II at 12.

> Right. I didn't plan on that. I mean I could stay at my parents' house. They still see (inaudible) until A.D. decides that she's going to go out on her own or whatever. I wouldn't go anywhere near her, and I haven't. But I – I can reside at my parents and still spend with [sic] my wife and my girls and take care of them at the same time like I have in the past.

*Id.* at 6.

[6] The prosecutor argued that Hardin should receive a sentence of five years in the Department of Correction ("DOC") with no time suspended. The probation officer who prepared the PSI recommended that he be ordered to serve his entire sentence at the DOC. Defense counsel requested the advisory sentence of three years and "if there is to be a short term of imprisonment that the balance be on terms and conditions of probation." *Id.* at 11.

[7] The court found Hardin's guilty plea as a mitigator but observed that he received the dismissal of the remaining count as well as "the other case alleging bigamy." *Id.* at 14. In its order, the court also found the following mitigator: "The Defendant expressed remorse for his offense and professed his recent religious conversion would deter future misconduct." Appellant's Appendix Volume II at 42. During the sentencing hearing, the court stated: "With regard to the offense being unlikely to recur with regard to this particular victim A.D., who I think is here with us today, I would certainly hope and expect that it would not recur there, but the attitude towards A.D. and the failure to understand the gross criminality and gross immorality of what you did to A.D. is something which is very troubling." Transcript Volume II at 14. The court

also stated: "It shouldn't take a theologian or a degree in divinity to understand that [sexually molesting a child] is anathema, that that is forbidden not only by the law of the State of Indiana but by the moral law and the natural law, and you violated it, and you know what to say now, but I am not convinced that you wouldn't be a danger to other children in the future." *Id.* at 14-15. The court found the following aggravators: his criminal record; his position of care, custody, or control of A.D.; the offense was premeditated and consisted of a series of incidents; he recently violated a condition of pretrial release; and A.D.'s trauma. The court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced him to four years executed at the DOC and one year as a direct placement to community corrections.

## *Discussion*

[8] The issue is whether Hardin's sentence is inappropriate in light of the nature of the offense and his character. Hardin acknowledges that "[i]t is incontrovertible that the crime of sexual misconduct on a minor is a serious one, with sometimes lasting consequences on victims." Appellant's Brief at 9. He argues that a defendant's health is a relevant fact in considering the character of the offender and asserts that he suffers from an impaired aorta valve. He points out that the PSI indicates that the Indiana Risk Assessment Tool places him in the low category to reoffend. He also asserts that he pled guilty, accepted responsibility, and expressed sincere remorse. The State argues that Hardin's sexual abuse of A.D. was premeditated, horrific, and repeated, that he exploited

a position of care, control, and authority over A.D., and that his decision to plead guilty was, at least partially, self-serving.

[9] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years with the advisory sentence being three years.

[11] Our review of the nature of the offense reveals that Hardin committed sexual misconduct with his fifteen-year-old stepdaughter over a period of months. Our review of the character of the offender reveals that Hardin pled guilty to sexual misconduct with a minor as a level 5 felony and the State agreed to dismiss the charge of sexual misconduct with a minor as a level 4 felony as well as Cause No. 235 related to a bigamy charge. As an adult, Hardin pled guilty to driving while suspended as a class A misdemeanor in 1996; battery as a class A misdemeanor in 1998; operating a vehicle while intoxicated endangering a person and resisting law enforcement as class A misdemeanors in 2006, and operating while intoxicated as a class D felony in 2007. He was also convicted

of operating a vehicle with a BAC of .08 or more but less than .15 as a class C misdemeanor in 2017.

[12] After due consideration, we conclude that Hardin has not sustained his burden of establishing that his sentence of four years executed at the DOC and one year as a direct placement in community corrections is inappropriate.

[13] For the foregoing reasons, we affirm Hardin's sentence.

[14] Affirmed.

Altice, J., and Tavitas, J., concur.